UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| YVES CONSEANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23 CV 1113 CDP |
| | ) |
| ST. LOUIS UNIVERSITY HIGH SCHOOL, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Yves Conseant, a former teacher at St. Louis University High School (SLU High), a Catholic institution, brings this action alleging that SLU High discriminated against him in his employment on account of his race and in retaliation for engaging in protected conduct, with such discrimination resulting in the school terminating his employment. SLU High moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that the "ministerial exception" bars Conseant's claims of discrimination against the religious institution. For the following reasons, I will convert SLU High's Rule 12(b)(6) motion to dismiss to one for summary judgment under Rule 56 and will give the parties an opportunity to present material pertinent to the relevant issue addressed below. *See* Fed. R. Civ. P. 12(d).

The "ministerial exception" is an affirmative defense grounded in the

religion clauses of the First Amendment that prohibits courts from interfering with employment disputes between religious institutions and certain employees. The ministerial exception was first applied to religious or ministerial leaders. *See Hosanna-Tabor Evangelical Lutheran Church and Sch. v. E.E.O.C.*, 565 U.S. 171, 188-89 (2012). It has since been expanded to include teachers at religious institutions that perform religious functions. *See Our Lady of Guadalupe Sch. v. Morrissey-Berru*, 140 S. Ct. 2049, 2055 (2020).

In *Hosanna-Tabor*, the Supreme Court recognized that courts are prohibited from interfering with religious institutions' employment decisions regarding their ministerial leaders. 565 U.S. at 188-89. Applying the ministerial exception to that case, the Supreme Court held that an elementary school teacher could not bring an employment discrimination claim against the religious school where she taught because the school held her out as a minister. *Id.* at 191. In support of this holding, the Supreme Court cited the teacher's title as "Minister of Religion, Commissioned," her extensive religious training, and her job responsibilities to teach religion and participate in religious activities with students. *Id.* at 191-92.

In *Our Lady of Guadalupe*, the Supreme Court expanded the ministerial exception to prohibit courts from intervening in employment disputes involving teachers who did not hold the title of minister at religious schools. 140 S. Ct. at 2066. Specifically, the Supreme Court held that religious responsibilities can

impart a "ministerial" label to lay teachers at religious schools. *Id.* at 2057-59 (describing the qualifying religious responsibilities as providing religious instruction to students every day; preparing students for Mass, communion, and confession; and worshipping with students). In addition, the teachers' schools "expressly saw them as playing a vital part in carrying out the mission of the church," as the core mission of the schools was to educate and form students in the Catholic faith. *Id.* at 2066. The Supreme Court explained, "[J]udges cannot be expected to have a complete understanding and appreciation of the role played by every person who performs a particular role in every religious tradition." *Id.* As such, "[a] religious institution's explanation of the role of such employees in the life of the religion in question is important." *Our Lady of Guadalupe*, 140 S. Ct. at 2066.

Whether an individual is "ministerial" for purposes of the ministerial exception is a fact-intensive inquiry, *Schmidt v. Univ. of Nw.-St. Paul*, No. CV 23-2199 (JRT/JFD), 2024 WL 477166, at *3-4 (D. Minn. Feb. 7, 2024), and the factual allegations of Conseant's complaint are insufficient to make that determination on SLU High's motion to dismiss. In response to the motion, however, Conseant has submitted documents outside the pleadings that are relevant to the question, which I have determined to consider in resolving SLU High's motion. I will therefore treat the motion to dismiss as one for summary judgment

under Federal Rule of Civil Procedure 56 and give the parties an opportunity to present material pertinent to the question.  Fed. R. Civ. P. 12(d).  To be clear, I am limiting the scope of the inquiry to whether Conseant's role at SLU High was "ministerial" for purposes of the ministerial exception.  Any material or argument outside that question may not be considered.

Accordingly,

**IT IS HEREBY ORDERED** that defendant St. Louis University High School's Motion to Dismiss (ECF 13) is converted under Fed. R. Civ. P. 12(d) to one for summary judgment under Fed. R. Civ. P. 56.  Defendant shall have to **May 13, 2024**, to present argument and material in response to the documents and argument plaintiff Yves Conseant submitted on the motion to dismiss.  Plaintiff Yves Conseant may file a reply brief with argument and pertinent material not later than **May 28, 2024.**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 19th day of April, 2024.